IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VINCENT L. SPRUELL, | ) | No. C 08-5033 MMC (PR) |
| Petitioner, | ) | |
| | ) | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | ) | |
| BEN CURRY, Warden, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On November 4, 2008, petitioner, a California prisoner incarcerated at the Correctional Training Facility, Soledad, California, and proceeding pro se, filed the above-titled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a 2007 decision by the California Board of Prison Hearings ("Board") to deny petitioner parole. Respondent filed an answer to the petition and petitioner filed a traverse.

Subsequently, the Ninth Circuit issued its decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), which addressed important issues relating to federal habeas review of Board decisions denying parole to California state prisoners. After the parties filed supplemental briefs explaining their views of how the Hayward en banc decision applies to the facts presented in the instant petition, the United States Supreme Court filed its opinion in Swarthout v. Cooke, 131 S. Ct. 859 (2011) (per curiam), which opinion clarifies the constitutionally required standard of review applicable to petitioner's due process claim

herein.

For the reasons discussed below, the petition will be denied.

## BACKGROUND

In 1984, in the Superior Court of Merced County ("Superior Court"), petitioner pleaded guilty to second degree murder and assault with great bodily injury. He was sentenced to a term of fifteen years to life in state prison. The conviction was affirmed on appeal; petitioner did not seek review from the California Supreme Court.

Petitioner's seventh parole suitability hearing, which is the subject of the instant petition, was held on July 9, 2007. At the conclusion of the hearing, the Board, after having reviewed the facts of the commitment offense, petitioner's social and criminal history, his employment, educational and disciplinary history while incarcerated, and his mental health reports, found petitioner was not yet suitable for parole and would pose an unreasonable risk of danger to society or threat to public safety if released from prison. (Resp't Answer to Order to Show Cause ("Answer") Ex. 1 (Parole Hearing Transcript) at 51-57.)[1]

After he was denied parole, petitioner filed a habeas petition in the Superior Court, challenging the Board's decision. In an opinion issued May 15, 2008, the Superior Court denied relief, finding that some evidence supported the Board's decision. (Pet. Ex. J.) Petitioner next filed a habeas petition in the California Court of Appeal. The petition was summarily denied on July 3, 2008. (Answer Ex. 4.) Petitioner then filed a petition for review in the California Supreme Court; the petition was summarily denied on September 17, 2008. (Pet. Ex. M.)

Petitioner next filed the instant petition, in which he claims the Board did not provide him with a hearing that met the requirements of federal due process. In particular, petitioner claims the Board's decision to deny parole was not supported by some evidence that petitioner at that time posed a danger to society if released, but, instead, was based solely on the unchanging circumstances of the commitment offense.

---

[1] Unless otherwise noted, all references herein to exhibits are to exhibits submitted by respondent in support of the Answer.

**DISCUSSION**

A.   Standard of Review

A federal district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see Williams (Terry) v. Taylor, 529 U.S. 362, 409-13 (2000). Section 2254(d) applies to a habeas petition filed by a state prisoner challenging the denial of parole. Sass v. California Board of Prison Terms, 461 F.3d 1123, 1126-27 (9th Cir. 2006).

Here, as noted, both the California Court of Appeal and the California Supreme Court summarily denied review of petitioner's claims. The Superior Court thus was the highest state court to address the merits of petitioner's claims in a reasoned decision, and it is that decision which this Court reviews under § 2254(d). See Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991); Barker v. Fleming, 423 F.3d 1085, 1091-92 (9th Cir. 2005).

B.   Petitioner's Claim

Under California law, prisoners serving indeterminate life sentences, like petitioner here, become eligible for parole after serving minimum terms of confinement required by statute. In re Dannenberg, 34 Cal. 4th 1061, 1078 (2005). Regardless of the length of time served, "a life prisoner shall be found unsuitable for and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if released from prison." Cal. Code Regs. tit. 15 ("CCR"), § 2402(a). In making the determination as to whether a prisoner is suitable for parole, the Board must consider various factors specified by state statute and parole regulations. In re Rosenkrantz, 29 Cal. 4th 616, 654 (2002); see CCR

3

1 § 2402(b)–(d). When a state court reviews a Board's decision denying parole, the relevant
2 inquiry is whether "some evidence" supports the decision of the Board that the inmate poses
3 a current threat to public safety. In re Lawrence, 44 Cal. 4th 1181, 1212 (2008).

4       As noted, petitioner claims the Board's decision to deny him a parole date violated his
5 federal constitutional right to due process because the decision was not supported by some
6 evidence that petitioner at such time posed a danger to society if released, but, instead, was
7 based solely on the unchanging circumstances of the commitment offense. Federal habeas
8 corpus relief is unavailable for an error of state law. Swarthout v. Cooke, 131 S. Ct. 859, 861
9 (per curiam) (2011). Under certain circumstances, however, state law may create a liberty or
10 property interest that is entitled to the protections of federal due process. In particular, while
11 there is "no constitutional or inherent right of a convicted person to be conditionally released
12 before the expiration of a valid sentence," Greenholtz v. Inmates of Nebraska Penal & Corr.
13 Complex, 442 U.S. 1, 7 (1979), a state's statutory parole scheme, if it uses mandatory
14 language, may create a presumption that parole release will be granted when, or unless,
15 certain designated findings are made, and thereby give rise to a constitutionally protected
16 liberty interest. See id. at 11-12. The Ninth Circuit has determined California law creates
17 such a liberty interest in release on parole. Cooke, 131 S. Ct. at 861-62.

18       When a state creates a liberty interest, the Due Process Clause requires fair procedures
19 for its vindication, and federal courts will review the application of those constitutionally
20 required procedures. Id. at 862. In the context of parole, the procedures necessary to
21 vindicate such interest are minimal: a prisoner receives adequate process when "he [is]
22 allowed an opportunity to be heard and [is] provided a statement of the reasons why parole
23 was denied." Id. "The Constitution," [the Supreme Court has held], "does not require
24 more." Id.; see Pearson v. Muntz, No. 08-55728, --- F.3d ---, 2011 WL 1238007, at *5 (9th
25 Cir. Apr. 5, 2011) ("Cooke was unequivocal in holding that if an inmate seeking parole
26 receives an opportunity to be heard, a notification of the reasons as to denial of parole, and
27 access to their records in advance, that should be the beginning and end of the inquiry into
28 whether the inmate received due process.") (alterations, internal quotation and citation

4

omitted).

Here, the record shows petitioner received at least the process found by the Supreme Court to be adequate in Cooke. Specifically, the record shows the following: petitioner was represented by counsel at the hearing (Answer Ex. 1 at 4:5-6); petitioner was provided in advance of the hearing with the documents reviewed by the Board, and petitioner's counsel submitted additional documents for the Board's review (id. at 7:17-23, 9:8-15); the Board read into the record a summary of the commitment offense, and also read into the record a statement made by petitioner about the commitment offense (id. at 10:17-12:20); petitioner was provided the opportunity to discuss the commitment offense with the Board, but declined to do so (id. at 9:25-10:2); the Board discussed with petitioner his personal background, his post-conviction achievements and disciplinary record, the mental health reports prepared for the hearing, and petitioner's parole plans (id. at 12:21- 38:3); petitioner's counsel made objections concerning the Board's consideration of certain information in the mental health reports (id. at 38:4-40:13); both petitioner and his counsel made statements advocating petitioner's release (id. at 46:11-50:19); petitioner received a thorough explanation as to why the Board denied parole (id. at 51–57).

Further, because California's "some evidence" rule is not a substantive federal requirement, whether the Board's decision to deny parole was supported by some evidence of petitioner's current dangerousness is not relevant to this Court's decision on the instant petition for federal habeas corpus relief. Cooke, 131 S. Ct. at 862-63. The Supreme Court has made clear that the only federal right at issue herein is procedural; consequently, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." Id. at 863.

As the record shows petitioner received all the process to which he was constitutionally entitled, the Court finds the state court's denial of petitioner's claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

5

Accordingly, the petition for a writ of habeas corpus will be denied.

C.    Certificate of Appealability

A certificate of appealability will be denied with respect to petitioner's claims. See 28 U.S.C. § 2253(c)(1)(a); Rules Governing Habeas Corpus Cases Under § 2254, Rule 11 (requiring district court to issue or deny certificate of appealability when entering final order adverse to petitioner).  Specifically, petitioner has failed to make a substantial showing of the denial of a constitutional right, as he has not demonstrated that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The petition for a writ of habeas corpus is hereby DENIED.

2. A certificate of appealability is hereby DENIED.

The Clerk shall enter judgment in favor of respondent and close the file.

IT IS SO ORDERED.

DATED: May 2, 2011

_____
MAXINE M. CHESNEY
United States District Judge

6